1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JON GREGORY DAVIS,

11           Plaintiff,                    No. 2:12-cv-1582 DAD P

12       vs.

13    JERRY W. SMITH, et al.,

14           Defendants.                   ORDER

15    _____/

16           Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant

17    to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C.

18    § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance with

19    Local Rule 302 and 28 U.S.C. § 636(b)(1).

20           Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

23    28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

24    currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

25    U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

26    the preceding month's income credited to plaintiff's prison trust account.  These payments shall

1

be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the

actions of their employees under a theory of respondeat superior and, therefore, when a named

defendant holds a supervisorial position, the causal link between him and the claimed

constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

allegations concerning the involvement of official personnel in civil rights violations are not

sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified Butte County Sheriff Jerry Smith, Dr.

Taylor, Matthew Cate, Ed O'Regan, John Baker, and John/Jane DOES 1-30 as the defendants.

Plaintiff alleges that since his arrest on June 15, 2011, he has asked health services at the Butte

County Jail to treat his numerous medical, dental, and psychiatric conditions to no avail.  He also

alleges that the jail has unsanitary and over-crowded living conditions.  (Compl. at 3.)

# DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Based on the allegations of his complaint, it is clear that plaintiff is dissatisfied with the medical, dental, and psychiatric care he has received at the Butte County Jail. It is also clear that "the 'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees." Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010). See also Simmons v. Navajo County, 609 F.3d 1011, 1017

4

(9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases.") (internal citations omitted).   However, it is unclear from the allegations of plaintiff's complaint how it is that each of the named defendants were allegedly involved in denying or delaying plaintiff's medical, dental, and psychiatric care

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.  Under the deliberate indifference standard, a person may be found liable for denying adequate medical care if he "knows of and disregards an excessive risk to inmate health and safety." Id. at 837.  See also Estelle v. Gamble, 429 U.S. 97, 106 (1976); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  A deliberate indifference claim predicated upon the failure to provide medical treatment has two elements:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (an Eighth Amendment medical claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

If plaintiff elects to pursue this action by filing an amended complaint, he will need to allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference."  Specifically, plaintiff names five individuals as defendants in this action.  If he wishes to proceed against these five defendants, he must allege in his amended complaint how each of them were specifically involved in denying or delaying his medical, dental, and

5

psychiatric care.  Plaintiff is cautioned, however, that mere differences of opinion between a

prisoner and prison medical staff or between medical professionals as to the proper course of

treatment for a medical condition do not give rise to a § 1983 claim.  See Toguchi v. Soon

Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th

Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d

1337, 1344 (9th Cir. 1981).  In addition, before it can be said that a prisoner's civil rights have

been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Finally, to establish

a claim of deliberate indifference arising from delay in providing care, a plaintiff must allege

facts showing that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.

1994); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by

WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); Wood v. Housewright,

900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989);

Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this

regard, "[a] prisoner need not show his harm was substantial; however, such would provide

additional support for the inmate's claim that the defendant was deliberately indifferent to his

needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  See also McGuckin, 974 F.2d at

1060.

        The court notes that plaintiff has named a number of supervisory officials,

including Jerry Smith and Matthew Cate, as defendants in this action.  As noted above,

supervisory personnel are generally not liable under § 1983 for the actions of their employees

under a theory of respondeat superior.  The Ninth Circuit has recently reaffirmed that a

supervisory defendant may be held liable under § 1983 only "'if there exists either (1) his or her

personal involvement in the constitutional deprivation, or (2) a sufficient causal connection

between the supervisor's wrongful conduct and the constitutional violation.'"  Starr v. Baca, 652

1  F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

2  In this case, it does not appear from the allegations of plaintiff's complaint that the supervisory

3  defendants were personally involved in the alleged deprivation of plaintiff's constitutional rights.

4  If plaintiff wishes to proceed against these defendants, he will need to allege facts in his amended

5  complaint clarifying the causal connection between the defendants and his alleged constitutional

6  deprivations.

7        Plaintiff is informed that the court cannot refer to a prior pleading in order to

8  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

9  complaint be complete in itself without reference to any prior pleading.  This is because, as a

10  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

11  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

12  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

13  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

14  **OTHER MATTERS**

15        Also pending before the court is plaintiff's motion for appointment of counsel.

16  The United States Supreme Court has ruled that district courts lack authority to require counsel

17  to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S.

18  296, 298 (1989).  In certain exceptional circumstances, the district court may request the

19  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

20  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

21        The test for exceptional circumstances requires the court to evaluate the plaintiff's

22  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

23  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

24  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

25  common to most prisoners, such as lack of legal education and limited law library access, do not

26  establish exceptional circumstances that would warrant a request for voluntary assistance of

7

1 counsel.  In the present case, the court does not find the required exceptional circumstances.

2                                                                **CONCLUSION**

3            Accordingly, IT IS HEREBY ORDERED that:

4            1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

5            2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

6 The fee shall be collected and paid in accordance with this court's order to the Sheriff of Butte

7 County filed concurrently herewith.

8            3.  Plaintiff's complaint is dismissed.

9            4.  Plaintiff is granted thirty days from the date of service of this order to file an

10 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

11 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

12 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

13 amended complaint in accordance with this order will result in a recommendation that this action

14 be dismissed without prejudice.

15           5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

16 civil rights action.

17           6.  Plaintiff's motion for appointment of counsel (Doc. No. 6) is denied.

18 DATED: August 2, 2012.

19

20                                              _____

21 DAD:9                                         DALE A. DROZD
   davi1582.14a                                 UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

                                                    8