IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON GREGORY DAVIS,

    Plaintiff,                    No. 2:12-cv-1582 DAD P

    vs.

JERRY W. SMITH, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a county jail inmate proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed August 2, 2012, plaintiff's complaint was dismissed with leave to file an amended complaint. On August 31, 2012, plaintiff filed an amended complaint. (Doc. No. 10.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1	A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8	Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
12 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more
13 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
14 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
15 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only
16 "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"'"
17 Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell, 550 U.S. at 555, in turn quoting
18 Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the
19 court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 94,
20 and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416
21 U.S. 232, 236 (1974).

22	The court's August 2, 2012 order dismissing his original complaint with leave to
23 amend informed plaintiff that he would need to make specific factual allegations against each of
24 the named defendants in order to state a cognizable claim for relief against such defendant.
25 Instead of doing so, plaintiff has now identified only one defendant in the caption of the amended
26 complaint, Jerry W. Smith, and no defendants in the body of the amended complaint.  While

1  plaintiff continues to allege that during his incarceration in the Butte County Jail he has received
2  either no, or inadequate, responses to numerous requests for treatment medical, dental, and
3  psychiatric conditions, (Am. Compl. ((Doc. No. 10) at 4-5), he has not made any specific
4  allegations against any identified individuals.[1]

5       As with the original complaint, based on the allegations of the amended
6  complaint, it is clear that plaintiff is dissatisfied with the medical, dental, and psychiatric care he
7  has received at the Butte County Jail.  As a convicted prisoner, plaintiff's claims arise, if at all,
8  under the Eighth Amendment.  Inadequate medical care does not constitute cruel and unusual
9  punishment under the Eighth Amendment unless the mistreatment rises to the level of "deliberate
10 indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976),  In applying
11 this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights
12 have been abridged, "the indifference to his medical needs must be substantial.  Mere
13 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
14 Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

15       As the court explained in the August 2, 2012 order dismissing the original
16 complaint with leave to amend,

> Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835. Under the deliberate indifference standard, a person may be found liable for denying adequate medical care if he "knows of and disregards an excessive risk to inmate health and safety." Id. at 837. See also Estelle v. Gamble, 429 U.S. 97, 106 (1976); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). A deliberate indifference claim predicated upon the failure to provide medical treatment has two elements:
>
>> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a

---

[1] Plaintiff does clarify in his amended complaint that he is serving a sentence of eight years in the Butte County Jail following a criminal conviction.  (Am. Compl. (Doc. No. 10.) at 1.)

3

> prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.
>
> Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (an Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

(Doc. No. 8 at 5.)

Because plaintiff has not cured the defects of the original complaint which the court noted, the amended complaint must be also be dismissed. Plaintiff will be given one final opportunity to file a second amended complaint that states a cognizable claim for relief against one or more named defendants. If plaintiff elects to pursue this action by filing a second amended complaint, he will need to name specific defendants and allege facts demonstrating how each named defendant's actions rose to the level of "deliberate indifference." Plaintiff is cautioned, however, that mere differences of opinion between a prisoner and prison medical staff or even between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). He is also cautioned, once again, that to state a claim of deliberate indifference arising from delay in providing care, a plaintiff must allege facts showing that the delay in question was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his

4

harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  See also McGuckin, 974 F.2d at 1060.

Finally, plaintiff is once again informed that the court cannot refer to a prior pleading in order to make complete any second amended complaint he elects to file.  Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files any amended complaint, prior pleadings no longer serve any function in the case.  Therefore, in a second amended complaint, as in prior complaints, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 31, 2012 amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: December 10, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
davi12cv1582.14am

5